## JOB BROOKFIELD *v.* GEORGE REMSEN.

*Execution—Sheriff's Liability for Non-return.*

A Sheriff neglecting to return an execution within the time required by law is prima facie liable for the amount called for on the execution. If he would avoid such liability in any degree he must show that the Defendant in execution had not sufficient personal property whereon to levy the same, or some evidence in mitigation of damage. Failing to do so, it is not error for the Judge to direct a verdict against him.

*A. P. Whitehead* for Respondent.
*N. F. Waring* for Appellant.

GROVER, J.—A Sheriff neglecting to return an execution within the time required by law, is liable to the owner, prima facie, for the amount (3d Selden, 550). It may be shown on the part of the Sheriff, in mitigation of such liability, that the Defendant had not sufficient personal property out of which the whole, or any part of the execution, could be collected. In the present case, it was shown that the execution was not returned within the sixty days required by law. Hence it appeared that the Sheriff was liable.

Showing that the execution was returned a few days thereafter did not discharge such liability, or in any way affect it. The Defendant made no request to the Court, to submit any question in regard to the Defendant's personal property to the jury, nor was there any direct evidence that the execution could not have been collected out of such property in its life. The Judge did not err in directing a verdict for the Plaintiff for its amount. No ground for objecting to the introduction in evidence of the clerk's certificate was stated. Thus the exception raises no question for consideration in this Court.

The judgment appealed from must be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.